**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3483
_____

IN RE:  MICHAEL STEVE GORBEY, AKA Michael Feather-Gorbey,
AKA Michael Owl Feather Gorbey,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Middle District of Pennsylvania
(Related to M.D.  Pa. Civ. No. 3-20-cv-01227)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 30, 2020
Before:  RESTREPO, MATEY, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 14, 2021)

_____

OPINION[*]
_____

PER CURIAM

    Petitioner Michael Gorbey, a federal inmate, seeks a writ of mandamus in

connection with his petition for a writ of habeas corpus filed in the United States District

Court for the Middle District of Pennsylvania.  For the reasons that follow, we will deny

the mandamus petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our . . . jurisdiction] and agreeable to the usages and principles of law." The remedy is "a drastic one, to be invoked only in extraordinary situations." United States v. Santtini, 963 F.2d 585, 593 (3d Cir. 1992). To justify the use of this extraordinary remedy, Gorbey must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992). He has not made this requisite showing.

In 2008, Gorbey was convicted in the District of Columbia of numerous weapons and ammunitions charges. On July 17, 2020, he filed (1) a habeas petition pursuant to 28 U.S.C. § 2241, presenting claims challenging his conviction and sentence; (2) a motion to proceed in forma pauperis (IFP); and (3) a motion for a court order directing USP-Lewisburg to provide the Court with the necessary prisoner account information for purposes of his IFP motion. As directed by the Clerk of the Court, the Federal Bureau of Prisons (BOP) filed a certified copy of Gorbey's prisoner account statement. Gorbey subsequently filed an "Omnibus Motion" requesting an order (1) directing BOP officials to comply with its policies and "Gorbey's privacy rights when releasing Gorbey's personal account information," (2) imposing sanctions against the BOP for violating its policies and Gorbey's privacy rights; and (3) directing the BOP to provide him with a copy of his prisoner account statement. On October 13, 2020, the District Court entered an order (1) granting Gorbey's motion to proceed in forma pauperis, (2) deeming the habeas petition filed, (3) dismissing as moot Gorbey's motions for an order directing the

prison to provide his Prisoner Trust Fund Account Statement (including his Omnibus Motion); and (4) directing the Government to file a response to the habeas petition. See ECF No. 17. On October 26, 2020, Gorbey filed a motion for reconsideration of the show cause order, which is pending in the District Court.

On December 10, 2020, Gorbey filed a petition for a writ of mandamus with this Court seeking an order requiring the District Court to "promptly address" his motions for recusal and for sanctions against the BOP, as well as his motion for reconsideration. To the extent Gorbey is alleging undue delay in the adjudication of his motions in the District Court, mandamus relief is not warranted. An appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), but the manner in which a court controls its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). The District Court promptly ruled on the Omnibus Motion, which included the request for sanctions against the BOP, denying it as moot. And it appears that Gorbey did not file a motion for recusal in the related civil action here.[1] In his motion for reconsideration, Gorbey argued, inter alia, in support of a motion for recusal and for reconsideration of the denial of sanctions against the BOP. The motion for reconsideration has been pending with the District Court for just over two months. We therefore find no reason to grant the "drastic remedy" of mandamus relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). We have full confidence

---

[1] In his brief in support of his motion for reconsideration, Gorbey indicated that he filed "several judicial complaints" against the District Court judge. See ECF No. 20.

that the District Court will rule on Gorbey's motion for reconsideration within a reasonable time, and that the matter will continue to proceed without delay.

Finally, to the extent that Gorbey requests an order directing the District Court to process his habeas petition under "§ 2241 Rules and Procedures," he has not shown an indisputable right to that relief. As the District Court noted in its October 13, 2020 order, the Rules Governing Section 2254 Cases are applicable to § 2241 cases, see 28 U.S.C. foll. § 2254 (1977), made applicable to § 2241 petitions by Rule 1(b). See Bowers v. U.S. Parole Comm'n, Warden, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014).

Based on the foregoing, we will deny the petition for a writ of mandamus.